Evelyn V. Keyes, Justice
Appellant Christine Cole Biederman is a journalist and documentary film producer seeking to unseal a deposition taken in 1997 in a case filed by appellee, Beverly Jean Brown, individually and as the personal representative of the estate and heirs of Glenn Edward Brown, Sr., alleging various tort causes of action for Glenn Brown's asbestos-related wrongful death (the Brown Case). Brown was represented in the Brown Case by the law firm Baron & Budd, P.C., which is also an appellee in this appeal.
Biederman filed the instant actions as a motion to intervene in the long-closed Brown Case. Pursuant to Texas Rule of Civil Procedure 76a, Biederman sought to unseal the 1997 deposition of Russell Budd on the topic of the discoverability of a memo created by Baron & Budd and used in various asbestos-related cases, including the Brown Case. The appellees (collectively referred to as Baron & Budd) filed a plea to the jurisdiction, which the trial court granted, dismissing Biederman's motion to unseal for want of jurisdiction.
In her sole issue on appeal, Biederman argues that the trial court erred by granting the plea to the jurisdiction and dismissing the case without deciding the motion to unseal on the merits because Rule 76a expressly grants continuing jurisdiction in the circumstances of this case.[2]
We affirm.
*295 Background
In this case, Biederman is seeking, pursuant to Texas Rule of Civil Procedure 76a, to unseal the deposition of Russell Budd (the Budd Deposition) taken in 1997 in connection with Baron & Budd's representation of certain asbestos plaintiffs.
A. Circumstances Surrounding the Taking of the Budd Deposition
The law firm Baron & Budd filed the underlying Brown Case in 1993 on behalf of Beverly Jean Brown, alleging various tort theories for recovery of damages for Glenn Brown's asbestos-related death.
According to the briefing and pleadings of the parties, at some point before the fall of 1997, in an unrelated asbestos case, an attorney for Baron & Budd mistakenly disclosed the existence of a memo that the law firm used to prepare witnesses for deposition (the Memo). Biederman alleges that the Memo "appeared to coach Baron & Budd clients on how to identify products and exposures that they might not actually remember and, in fact, might never have been exposed to." The defendants in that unrelated case distributed the Memo, which led to extended discovery in multiple cases, including the Brown Case, regarding whether and how the Memo was used in Baron & Budd's asbestos cases.
Defense counsel in the Brown Case discovered that the Memo had been used in Brown's case and sought to compel Baron & Budd to produce the Memo through discovery. Baron & Budd resisted, arguing that the Memo was privileged as work product or as an attorney-client communication. In order to determine whether the Memo was discoverable, the trial court-at that time, the Honorable John Dietz-ordered the in camera inspection of the Memo and other relevant discovery.
Although most of the pleadings, motions, and orders filed in the Brown Case have been destroyed, the record on appeal contains Judge Dietz's September 29, 1997 order. The order stated that it was a protective order pursuant to (now former) Rule of Civil Procedure 166b.[3] Specifically, the order provided:
[T]he discovery ordered by this Court, which shall include [the Memo] and the deposition of the Baron & Budd corporate representative, shall be sealed and distribution shall be for counsel of record only in Travis County asbestos-related Baron & Budd cases, and may not be disseminated, distributed or disclosed to any third party.
The trial court further granted additional discovery to the defendants in the Brown Case, ordering:
Baron & Budd shall produce a corporate representative or corporate representatives for deposition that are the most knowledgeable about the creation and use of the document....
*296 This deposition shall occur ... in the courtroom ... [and] this Court shall be present and available to rule on any objections made during the deposition....
The deposition ... shall be limited in scope to the following areas of inquiry:
(i) How this document came into creation and how it is used in Travis County Baron & Budd cases.
(ii) Who the authors or creators of the document were and who has used the document in Travis County Baron & Budd cases.
(iii) What the document was used for and in which cases filed in Travis County, Texas the document has been used.
(iv) Where the document was created and where it has been used in Travis County Baron & Budd cases.
(v) When the document was created and when it was used in Travis County Baron & Budd cases.
(vi) Why the document was created and why the document was used in cases in Travis County, Texas.
Thus, the order directed Baron & Budd's designated corporate representative to appear for a deposition that would take place in the courtroom and would be presided over by Judge Dietz.
According to the parties, Baron & Budd partner Russell Budd appeared for the deposition and answered questions regarding the creation and use of the Memo (the Budd Deposition). The record on appeal reflects that a "Certificate Pursuant to [former] Rule 206[4] [for the] oral deposition of Russell Budd" was filed with the trial court shortly after the October 1997 deposition, but nothing in the record indicates that the deposition transcript itself was ever filed with the trial court.
The record likewise contains a copy of the trial court's October 8, 1997 ruling, which stated:
The Court has considered pleadings on file, evidence, legal authorities and has heard arguments of counsel. It has also conducted an in camera inspection of certain documents for which the plaintiffs claim a privilege from production as well as an in camera examination of a representative of the law firm of Baron & Budd regarding the creation and use, in Travis County asbestos litigation of a document titled 'Preparing For Your Deposition' [the Memo].
The trial court ruled that the Memo was not privileged and ordered Baron & Budd to produce it.
Baron & Budd filed a petition for writ of mandamus in connection with the Brown Case in the Third Court of Appeals in Austin, challenging the trial court's order that Baron & Budd must produce the Memo in that case based on its determination that the Memo was not privileged. The Austin Court ultimately granted mandamus relief, vacating the trial court's order, and held in a per curiam opinion that the Memo was privileged. See In Re Brown , No. 03-97-00609-CV, 1998 WL 207793, at *5 (Tex. App.-Austin Apr. 30, 1998, orig. proceeding) (per curiam).
According to the parties' pleadings and briefing, Biederman became involved in the Brown Case in 1998. At that time, *297 Biederman was a reporter for the Dallas Observer. Baron & Budd came to believe that she had improperly obtained confidential documents from the law firm, and it sought to depose her regarding those allegations. Biederman filed a motion to quash her deposition. The record does not reflect the outcome of Baron & Budd's efforts to depose Biederman, nor does it reveal any further involvement of Biederman in the Brown Case.
Eventually, Judge Dietz dismissed the Brown Case for want of prosecution on July 7, 2006.
B. Biederman's Motion to Intervene and Unseal the Budd Deposition
On November 9, 2016, Biederman filed the instant suit as a motion to intervene in the long-since dismissed Brown Case, seeking to unseal the 1997 Budd Deposition taken in the underlying Brown Case pursuant to Rule of Civil Procedure 76a. She alleged the following background facts in her motion:
Although many or even most of the pleadings, motions and orders filed in this case are no longer available, a review of the court's electronic docket sheet(s) and other existing court records shows the following. At some point, Baron & Budd was apparently ordered to produce a list of cases in which witnesses had been prepped using the [Memo]. That list identified this case as one of the lawsuits in which the memo had been used. Based upon that identification, one or more of the Defendants in [the Brown Case] sought to depose Russell Budd, who was apparently designated as Baron & Budd's corporate representative, about the firm's use of the [Memo], among other matters.
Biederman identified "two relevant pleadings" in the Brown Case from the electronic docket sheet that she surmises Brown filed, "[p]resumably in response to the Defendant's deposition notice(s)": A "Motion to Seal Court Records" and a "Notice of Motion to Seal Court Records" filed on September 29, 1997. Neither of these motions is contained in the record in this case, but Biederman alleged "[o]n information and belief" that "Baron & Budd's Motion to Seal invoked Rule 76a in order to seek an order sealing certain records relating to the [Memo] and other issues relevant to Mr. Budd's deposition, as well as the deposition itself."
Biederman recounted other events in her motion to intervene in this case that occurred in the Brown Case, again citing her own suppositions about what had happened based on the electronic docket sheet and the few remaining records from that case, as set out above. These included the trial court's September 29, 1997 order in the Brown Case compelling the Budd Deposition and ordering certain discovery protected pursuant to former Rule 166b and the trial court's October 8, 1997 order in that case finding that the Memo was not privileged and ordering Baron & Budd to produce it. Biederman's statement of facts in her motion concludes:
Finally, on information and belief, the [September 29, 1997 protective order compelling the Budd Deposition] restricted dissemination of Mr. Budd's deposition to attorneys of record in this case. In so doing, the court apparently declared Mr. Budd's deposition "sealed," although whether that term was used in the Court's September 29, 1997 Order, on the record during the deposition, or in both places is unclear.
Biederman described the efforts she made to find available records, but she acknowledged that many records were unavailable. Biederman further asserted that the Travis County District Clerk informed her that "the original file(s) in this matter, *298 including all of the pleadings and the vast majority of the Court's orders, are lost or missing and the clerk's office has no idea where they might be," but she was able to review electronic docket sheets and a few other documents.
Biederman moved the trial court to unseal the Budd Deposition, asserting "on information and belief, it is relevant to issues that have arisen in ongoing asbestos litigation currently pending in a number of courts, a topic upon which [Biederman] has reported extensively in the past and which is the subject of a documentary film project upon which [Biederman] is currently working."
Biederman observed that "the underlying lawsuit has long since been resolved," but she alleged that the trial court retained jurisdiction to unseal the court records sought pursuant to Rule of Civil Procedure 76a(7), which provides in relevant part that the trial court that issues a sealing order retains continuing jurisdiction to enforce, alter, or vacate that order. Biederman further argued that the Budd Deposition was a "court record" within the meaning of Rule 76a(2), stating that, although most depositions are not submitted to the court clerk, "it appears that Mr. Budd's deposition was in fact 'filed' with the Court." She cited a footnote, stating summarily that the Budd Deposition and its exhibits were filed under seal, from an uncertified, unsigned copy of a "Reply in Support of Motion to Quash and Motion for Protective Order" purportedly filed on her behalf in the Brown Case in 1998. However, this document does not bear a file stamp or other indication that it was, in fact, ever filed with the trial court.[5] Biederman also argued that "it is likely that Budd's deposition may have been filed with the court clerk and included as part of the transcript sent to the appeals court." Biederman argued that "Baron & Budd's original Motion to Seal apparently took the position that Rule 76a 's requirements applied to Mr. Budd's deposition," but that motion to seal was not included in the record for this case.
Finally, Biederman argued that the Budd Deposition is a "court record" as defined by Rule 76a because it "[concerns] matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operations of government." Appended to her motion to unseal, Biederman provided copies from the "eHistorical District Civil Public access" website listing the motions, pleadings, and orders filed in the Brown Case; the unsigned, uncertified copy of the "Reply in Support of Motion to Quash and Motion for Protective Order" purportedly filed in 1998; and an unofficial copy of the per curiam opinion of the Austin Court of Appeals ruling that the Memo was protected by privilege and ordering the trial court to vacate its October 8, 1997 order requiring Baron & Budd to produce the Memo in the Brown Case.
C. Baron & Budd's Plea to the Jurisdiction
Baron & Budd filed a plea to the jurisdiction in response to Biederman's motion to unseal. Baron & Budd argued that the trial court lacked jurisdiction to hear Biederman's motion because the court's plenary power expired August 6, 2006, *299 and because the trial court did not have continuing jurisdiction under Rule 76a(7).
Baron & Budd argued, in part, that the September 29, 1997 order was not a "sealing order" as referenced in Rule 76a(7), but rather was a protective order under former Rule 166b. Baron & Budd further argued that the Budd Deposition was not a "court record" as defined in Rule 76a(2) because it was not "filed," but it was taken and submitted in camera on issues of privilege from discovery and it did not concern a matter that had a "probable adverse effect upon the general public health or safety," the administration of public office, or the operation of government. It also argued, in the alternative, that Biederman's motion to unseal was barred by waiver and estoppel. Baron & Budd attached as exhibits a certified copy of the September 29, 1997 order and certified copies of the relevant record management policies from the trial court and the Austin Court of Appeals.
D. Hearing and Ruling
The trial court held a hearing on January 31, 2017. Biederman argued that "you can tell from the electronic docket sheet that the mandates of Rule 76a were not complied with when this was sealed," and she argued that she had jurisdiction pursuant to Rule 76a to move to unseal an improperly sealed document. Baron & Budd reasserted the arguments raised in its written response, including its waiver and estoppel arguments. It asserted that, for multiple reasons, Biederman could not establish that the Budd Deposition was a court record under Rule 76a, and so the trial court lacked jurisdiction to hear her motion to unseal. And it also argued that, due to Biederman's delay in bringing her motion, the parties had been prejudiced in that the documents were destroyed according to regular document retention schedules. Baron & Budd described the case as being an argument "about a deposition that apparently never was filed, that was protected by Judge Dietz 20 years ago. And we don't have the documents, as she admits in her motion, and we have searched and searched."
On the record at the hearing, the trial court stated the basis for its ruling:
I'm going to find that the Court-that the Court does not have jurisdiction, that the document that is at issue here is excepted from the 76a, and that is, that it is not a document-it is a document, the deposition filed with the Court in-camera and used solely for the purpose of the Court making its decision, a discovery decision whether a privilege applied to it or not.
Biederman asked, "[J]ust for clarity of the record, are [you] also ruling that it is not ... unfiled discovery that affects the administration of public office or the operation of government?" The trial court responded, "That would be another reason the Court would not-that it does not fall under that."
The trial court dismissed Biederman's motion for lack of jurisdiction, and this appeal followed.[6]
Plea to the Jurisdiction
In her sole issue on appeal, Biederman argues that the trial court erred by granting Baron & Budd's plea to the jurisdiction.
*300 A. Standard of Review
A plea to the jurisdiction challenges the subject matter jurisdiction of the court-if the trial court does not have subject matter jurisdiction, the court does not have authority to consider the matter. See Tex. Dep't of Transp. v. Jones , 8 S.W.3d 636, 638-39 (Tex. 1999). A trial court must decide at the earliest opportunity whether it has the constitutional or statutory authority to decide a case before allowing the case to proceed. Tex. Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004). "As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court." Id. (quoting State Bar of Tex. v. Gomez , 891 S.W.2d 243, 245 (Tex. 1994) ).
It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd. , 852 S.W.2d 440, 446 (Tex. 1993). Whether a pleader has affirmatively alleged facts that demonstrate the trial court's subject matter jurisdiction is a question of law which we review de novo. Miranda , 133 S.W.3d at 226. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law. Id. In some cases, disputed evidence of jurisdictional facts that implicate the merits of the case may require resolution by the fact-finder. Id.
When a plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. Id. ; Tex. Ass'n of Bus. , 852 S.W.2d at 446. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. Miranda , 133 S.W.3d at 226. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when it is necessary to resolve the jurisdictional issues. Id. at 227. When the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court must examine the relevant evidence to determine whether a fact question exists. Id. If the evidence creates a fact question concerning the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction. Id. at 227-28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the fact question as a matter of law." Id. at 228. "[The] standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." Id.
Appellate courts reviewing a challenge to subject matter jurisdiction review the trial court's ruling de novo. Id. ; Tex. Nat. Res. Conservation Comm'n v. IT-Davy , 74 S.W.3d 849, 855 (Tex. 2002). When reviewing a plea to the jurisdiction in which the pleading requirements have been met and evidence that implicates the merits of the case has been submitted in support of the plea, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. Miranda , 133 S.W.3d at 228 ; see also Bland Indep. Sch. Dist. v. Blue , 34 S.W.3d 547, 555 (Tex. 2000) (holding that trial court decides plea to jurisdiction by reviewing pleadings and any evidence relevant to jurisdictional inquiry).
B. Analysis
Here, Baron & Budd filed a plea to the jurisdiction challenging Biederman's pleadings-her *301 motion to intervene and unseal the Budd Deposition-that the trial court had jurisdiction over the case. Biederman's motion acknowledges, and the jurisdictional evidence before the trial court established, that the trial court dismissed the Brown Case for want of prosecution on July 7, 2006.
Absent the filing of a motion to reinstate, a trial court loses plenary power over a case thirty days after dismissing it for want of prosecution. See TEX. R. CIV. P. 165a(3), 329b(d) ; see also In re Gillespie , 124 S.W.3d 699, 702 (Tex. App.-Houston [14th Dist.] 2003, orig. proceeding) (holding that plenary power refers to period of time in which trial court may vacate, modify, or correct its judgment and that plenary power generally expires thirty days after final judgment is signed). Thus, the trial court's plenary power expired August 6, 2006. See State ex rel. Latty v. Owens , 907 S.W.2d 484, 486 (Tex. 1995) (holding that judicial action taken after plenary power expires is void); Custom Corps., Inc. v. Sec. Storage, Inc. , 207 S.W.3d 835, 839 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (stating that, generally, trial court lacks power to act in case after plenary power expires).
In spite of the fact that plenary power expired in August 2006, Biederman affirmately alleged that the trial court had jurisdiction pursuant to Rule of Civil Procedure 76a to grant her intervention and unseal the Budd Deposition. She alleged in her motion to intervene and unseal the deposition that the Budd Deposition was a "court record" within the meaning of Rule 76a. Baron & Budd challenged these allegations in its plea to the jurisdiction, asserting that Rule 76a did not apply to Biederman's request and, thus, the trial court had no jurisdiction to consider the motion to unseal.
1. Provisions of Rule 76a
Rule 76a provides procedures for sealing court records, stating that certain "court records, as defined in this rule, are presumed to be open to the general public and may be sealed only upon a showing of ... a specific, serious and substantial interest which clearly outweighs" the presumption of openness and "any probable adverse effect that sealing will have upon the general public health or safety" and that "no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted." TEX. R. CIV. P. 76a(1).
Rule 76a(2) defines "court records" as including:
(a) all documents of any nature filed in connection with any matter before any civil court, except:
(1) documents filed with a court in camera, solely for the purposes of obtaining a ruling on the discoverability of such documents;
(2) documents in court files to which access is otherwise restricted by law;
(3) documents filed in an action originally arising under the family code.
(b) settlement agreements not filed of record, excluding all reference to any monetary consideration, that seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of office, or the operation of government.
(c) discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government, except discovery in cases originally initiated to preserve bona fide trade *302 secrets or other intangible property rights.
TEX. R. CIV. P. 76a(2).
Relevant here, Rule 76a(7) provides for continuing jurisdiction for the trial court to consider sealing or unsealing court documents:
Any person may intervene as a matter of right at any time before or after judgment to seal or unseal court records. A court that issues a sealing order retains continuing jurisdiction to enforce, alter, or vacate that order. An order sealing or unsealing court records shall not be reconsidered on motion of any party or intervenor who had actual notice of the hearing preceding issuance of the order, without first showing changed circumstances materially affecting the order. Such circumstances need not be related to the case in which the order was issued. However, the burden of making the showing required by paragraph 1, shall always be on the party seeking to seal records.
TEX. R. CIV. P. 76a(7).
The special procedures of Rule 76a apply only to "court records" as defined in that rule. Gen. Tire, Inc. v. Kepple , 970 S.W.2d 520, 524 (Tex. 1998) ; Tex. Voices for Reason & Justice, Inc. v. City of Argyle , No. 02-16-00052-CV, 2017 WL 1173837, at *2 (Tex. App.-Fort Worth Mar. 30, 2017, no pet.) (mem. op.). "The language of Rule 76a does not authorize trial courts to apply Rule 76a before making the threshold determination of whether particular documents, like unfiled discovery, are court records subject to the rule." Tex. Voices for Reason , 2017 WL 1173837, at *2 ; see also Kepple , 970 S.W.2d at 521-22, 524 (holding that trial court erred in invoking Rule 76a 's procedures before determining whether documents were "court records" as defined in Rule 76a ); Roberts v. West , 123 S.W.3d 436, 440 (Tex. App.-San Antonio 2003, pet. denied) ("Before a trial court decides whether a Rule 76a hearing and order are necessary, it must determine whether the documents in question are 'court records.' ").
2. Whether the Budd Deposition was a "court record"
Baron & Budd asserts that, in determining whether the provisions of Rule 76a(7) extended jurisdiction to the trial court to consider Biederman's motion to unseal, the trial court first had to determine whether the relevant document-the Budd Deposition-was a "court record" as defined in Rule 76a(2). Biederman disagrees, arguing that the question of whether the Budd Deposition is a court record that can be unsealed pursuant to Rule 76a requires an inquiry into the merits of the case and was an improper basis for granting the plea to the jurisdiction. We disagree with Biederman.
A plea to the jurisdiction may challenge the existence of jurisdictional facts, and jurisdictional challenges may implicate the merits of a plaintiff's cause of action. See Miranda , 133 S.W.3d at 226-27. Such is the case here. As discussed above, the trial court's plenary power over this case expired more than a decade ago, thereby generally depriving the court of authority to take any further action. However, Biederman alleged that, pursuant to Rule 76a, the trial court had continuing jurisdiction to allow her to intervene in the case and to unseal the Budd Deposition. Baron & Budd challenged these allegations of jurisdictional facts in its plea to the jurisdiction. Therefore, the trial court was required to determine whether Rule 76a applied in this case in order to determine whether it had jurisdiction to take the actions requested by Biederman in her motion to intervene and unseal the Budd Deposition. See id. at 226 (holding that *303 trial court must decide at earliest opportunity whether it has constitutional or statutory authority to decide case before allowing it to proceed); see also Kepple , 970 S.W.2d at 521-22, 524 (holding that trial court erred in invoking Rule 76a 's procedures before determining whether documents were "court records" as defined in Rule 76a ); Tex. Voices for Reason , 2017 WL 1173837, at *2 (trial court must make threshold determination of whether particular documents are court records subject to rule before it may apply Rule 76a ).
Rule 76a(2) provides a broad definition for "court records," stating that a court record includes "all documents of any nature filed in connection with any matter before any civil court." TEX. R. CIV. P. 76a(2)(a) (emphasis added). "[A] document is filed 'when it is tendered to the clerk, or otherwise put under the custody or control of the clerk.' " In re Srivastava , No. 05-17-00998-CV, 2018 WL 833376, at *4 (Tex. App.-Dallas Feb. 12, 2018, orig. proceeding) (mem. op.) (quoting Jamar v. Patterson , 868 S.W.2d 318, 319 (Tex. 1993) ); see also TEX. R. CIV. P. 74 ("The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk.").
Because the jurisdictional challenge implicated the applicability of Rule 76a, the trial court in this case was required to examine the relevant evidence to determine whether a fact question existed. See Miranda , 133 S.W.3d at 227-28 (holding that "this standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)"). Here, there is no evidence that the Budd Deposition was ever filed with the trial court, as required to be a "court record" under Rule 76a(2)(a). There is no evidence that the Budd Deposition is now or ever was "tendered to the clerk, or otherwise put under the custody or control of the clerk." See In re Srivastava , 2018 WL 833376, at *4 ; see also Keystone Architects v. Lanai Dev., L.L.C. , No. 13-05-542-CV, 2008 WL 523272, at *6 n.14 (Tex. App.-Corpus Christi Feb. 28, 2008, no pet.) (mem. op.) (noting that depositions are not usually filed with trial court). In fact, neither party could produce a copy of the Budd Deposition transcript for the trial court to review in ruling on Biederman's motion to unseal.
Biederman asserts generally in her motion that the Budd Deposition "appears" to have been filed and that it was "likely" part of the appellate record considered by the Austin Court of Appeals in 1998. However, both parties agreed that the vast majority of the relevant court documents had already been destroyed, and Baron & Budd presented the document retention plans for the relevant courts demonstrating that the courts did not retain documents from cases dating back to the time of the Brown Case. Biederman's bare assertions that the Budd Deposition was filed with the trial court are insufficient to establish that the document was, in fact, filed.
Furthermore, the jurisdictional evidence and the pleadings of the parties raised an exception to Rule 76a(2)(a) that is relevant here-"court records" do not include "documents filed with a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents." TEX. R. CIV. P. 76a(2)(a)(1). The trial court's September 29, 1997 order required Baron & Budd to provide a corporate representative to participate in a deposition, conducted under the supervision of the trial court and protected from general distribution or disclosure, solely on *304 topics relevant to the discoverability of the Memo. The trial court's October 8, 1997 order expressly stated that, in ruling on the discoverability of the Memo, the court considered the "in camera examination of a representative of the law firm of Baron & Budd regarding the creation and use, in Travis County asbestos litigation of [the Memo]."
To the extent that the record on appeal here demonstrates that the Budd Deposition was considered by the trial court, it was considered "in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents." And the Memo-the document that was at the heart of the Budd Deposition-was eventually determined to be protected by attorney-client privilege. Thus, the Budd Deposition not only has not been shown to be a court record filed with the court and placed under seal, as required for Rule 76a(2) to apply, but also it is excluded as a "court record" by application of the exception for documents produced in camera as set out in Rule 76a(2)(a)(1). See In re Coastal Bend Coll. , 276 S.W.3d 83, 87 (Tex. App.-San Antonio 2008, no pet.) (recognizing that "a party must be allowed to tender a document in camera when necessary without converting the document to a 'court record' .... otherwise, trial courts could not review the documents themselves in determining how to apply Rule 76a without requiring [the party] to relinquish the very relief sought under the rule").
Biederman also argues that the Budd Deposition qualifies as a "court record" because it was unfiled discovery subject to Rule 76a(2)(c). The Texas Attorney General filed an amicus brief in support of this argument. He argues, in part, that the trial court retained jurisdiction to consider Biederman's motion to unseal under Rule 76a(7), regardless of whether another party disputed that the sealed document was a court record and regardless of whether the prior sealing order was made pursuant to Rule 76a. He concludes that this Court should reverse the trial court's order granting the plea to the jurisdiction because Biederman properly invoked the jurisdiction of the trial court under Rule 76a(2)(c).
Both Biederman and the amicus assert that trial court erred in dismissing Biederman's motion for lack of jurisdiction because Rule 76a allows any person, at any time, to argue that discovery subject to a protective order meets the definition of a "court record" for purposes of the Rule 76a and must be made public if not properly sealed in accordance with the showing required under Rule 76a(1). This argument has been addressed by the Texas Supreme Court.
In Kepple , the supreme court held:
The special procedures of Rule 76a apply only to the sealing of "court records." The language of the rule does not authorize trial courts to also apply these special procedures to the threshold determination of whether particular unfiled discovery is, indeed, a court record subject to the rule. The rule would unnecessarily burden trial courts and litigants if it permitted a full hearing at this preliminary stage. If this were allowed, a party, merely by claiming that unfiled discovery met the standard for a court record under Rule 76a(2)(c), could trigger an elaborate expensive process in any case where unfiled discovery has been exchanged.
Kepple , 970 S.W.2d at 524 (emphasis added). These concerns are heightened in this case, where the court's records have been destroyed and are no longer available for review. Biederman is asking here for exactly what Kepple precludes-a full hearing conducted pursuant to Rule 76a *305 provisions without the required threshold determination of whether the particular unfiled discovery is indeed a "court record" as defined in the Rule. See itation case-ids="11825574" index="40" url="https://cite.case.law/sw2d/970/520/#p524">id.
Biederman and the amicus further argue that Biederman is entitled to a hearing on her motion "even if the status of the sealed discovery as a 'court record' for purposes of Rule 76a(2) is disputed by another party." However, the trial court had an obligation to determine whether it had the constitutional or statutory authority to decide Biederman's motion before allowing the case to proceed any further. See Miranda , 133 S.W.3d at 226. It held a hearing to determine the relevant jurisdictional issues, and Biederman failed to demonstrate that the Budd Deposition was a court record as defined by Rule 76a, and, thus, she failed to invoke the jurisdiction of the trial court to consider her motion any further. See ids="9256802" index="42" url="https://cite.case.law/sw3d/133/217/#p226">id.
Considering the pleadings and the jurisdictional evidence, we conclude that Biederman failed to meet her burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction over her motion to intervene and unseal the Budd Deposition. See Miranda , 133 S.W.3d at 226 ; Tex. Ass'n of Bus. , 852 S.W.2d at 446. She failed to provide any evidence that the Budd Deposition was a "court record" as required to invoke the procedures set out in Rule 76a, and the trial court's implied ruling that the Budd Deposition was not a "court record" as defined in Rule 76a(2) was correct. See TEX. R. CIV. P. 76a(2) ; see BMC Software Belg., N.V. v. Marchand , 83 S.W.3d 789, 795 (Tex. 2002) (holding that when trial court does not issue findings of fact with jurisdictional ruling, all facts necessary to support judgment and supported by evidence are implied).
Because Biederman failed to establish that the Budd Deposition was a court record, she failed to demonstrate that the provisions of Rule 76a, including the jurisdictional provision in Rule 76a(7), applied to her motion. See Kepple , 970 S.W.2d at 524 ; Tex. Voices for Reason , 2017 WL 1173837, at *2 ; see also Miranda , 133 S.W.3d at 226 ("As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court."). And because the plenary power of the trial court had long expired, the trial court correctly determined that it lacked jurisdiction to consider Biederman's request. See Jones , 8 S.W.3d at 638-39 ; Miranda , 133 S.W.3d at 226.
Conclusion
We affirm the order of the trial court dismissing Biederman's motion for want of jurisdiction.

The Attorney General of Texas filed an amicus brief in support of Biederman. The Attorney General argued that "the trial court's decision-that Texas Rule of Civil Procedure 76a does not mandate the unsealing of the Russell Budd deposition-is not consistent with the presumption of openness of court records mandated by Texas law."

Relevant to this case, former Rule of Civil Procedure 166b authorized trial courts, among other things, to issue protective orders to protect sensitive information, such as trade secrets, contained in discovery. See Gen. Tire, Inc. v. Kepple , 970 S.W.2d 520, 523-24 (Tex. 1998) (citing former Rule 166b ). It provided that "a trial court may order that 'discovery be sealed or otherwise adequately protected,' ... such as by limiting distribution and restricting disclosure." Id. at 524 (quoting former Rule 166b(5)(c) ). Former Rule 166b(5)(c) also provided, "Any order under this subparagraph 5(c) shall be made in accordance with the provisions of Rule 76a with respect to all court records subject to that rule." Id. The provisions of former Rule 166b are now incorporated into Rules 192.1-192.7, 193.5, and 195.1-195.7, with Rule 192.6 governing protective orders in the discovery context. See Tex. R. Civ. P. 192.6 ; Vernon's Annotated Rules of Civil Procedure Rule 166b historical notes.

See generally Johnson ex rel. Johnson v. Li , 762 S.W.2d 307, 309-10 (Tex. App.-Fort Worth 1988, writ denied) (discussing version of Texas Rule of Civil Procedure Rule 206 that was in effect in 1998, which required that, rather than filing entire deposition transcript, deposition officer file certification with trial court). Rule 206 was repealed effective January 1, 1999, and is now incorporated in Rules of Civil Procedure 203.1 -203.6. See Tex. R. Civ. P. 203.1 -203.6 ; Vernon's Annotated Rules of Civil Procedure 206 historical notes.

The copy Biederman submitted of the electronic docket sheet showing the motions and pleadings filed in the Brown Case reflected that a "[R]eply in Support of Motion to Quash and Motion for Protective Order" was filed July 7, 1998, but there is no indication that the motion supplied by Biederman as an exhibit to her 2016 motion to unseal is in fact the document that was filed at that time.

See Tex. R. Civ. P. 76a(8) ("Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing proceeding issuance of such an order.").