

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID EDWARD SAUCEDO II and MARIANA TERRAZAS SAUCEDO, Individually and on Behalf of I.S., a Minor Child, | § § § | No. 08-22-00047-CV |
| | § | Appeal from the |
| Appellants, | § | 243rd Judicial District Court |
| v. | § | of El Paso County, Texas |
| EL PASO CHILDREN'S HOSPITAL CORPORATION, ROBERTO CANALES, M.D., and RODOLFO FIERRO-STEVENS, M.D., | § § | (TC# 2020-DCV-2549) |
| Appellees. | § | |

**O P I N I O N**

Appellants David Edward Saucedo II and Mariana Terrazas Saucedo (the Saucedos), bring

an interlocutory appeal challenging two trial court rulings made early in the proceeding and before

adjudication of the underlying case. The Saucedos brought a wrongful death suit asserting medical

negligence against the El Paso Children's Hospital, Roberto Canales, M.D., and Rodolfo Fierro-

Stevens, M.D. (collectively, Appellees). To their original petition, the Saucedos attached physician

reports and supporting affidavits. Appellees objected on multiple grounds, generally asserting the

attachments improperly disclosed peer-review information in violation of Texas law.

In a separate order, the trial court found the peer-review privilege applied in part to certain statements, determining such information was protected from public disclosure unless properly authorized for release (the Privilege Order). And second, to remedy the privilege violation, the trial court further found in a second order that it was necessary to remove and redact all protected information from any publicly filed record, and to seal those records from general view (the Amended Redaction Order). The Saucedos filed this interlocutory appeal challenging the trial court's two orders in three issues. Weeks later, however, they also filed a separate mandamus action asserting the same three challenges against the same two orders. We decide that cause this same date. *See In re David Edward Saucedo II and Mariana Terrazas Saucedo, Individually and on Behalf of I.S., a Minor Child*, No. 08-22-00089-CV (Tex. App.—El Paso April 24, 2023, orig. proceeding). Due to the Saucedos bringing complaints reviewed under both a mandamus standard and by direct appeal, our review initially requires a determination of whether the Court's interlocutory jurisdiction is implicated, as pertaining to each issue or sub-issue presented.

Ultimately, as to this appeal, we dismiss in part based on lack of jurisdiction and affirm in part on the merits of the remaining issue. We conclude we have no jurisdiction over the Saucedos' issues brought against the Privilege Order, nor as to issues brought against the Amended Redaction Order to the extent the trial court granted special exceptions. But we further conclude our interlocutory jurisdiction is implicated as to the Saucedos' remaining complaint against the Redaction Order. Finding no abuse of discretion as to the trial court's sealing of certain records, we affirm in part as to that limited issue.

# I. BACKGROUND

Because this appeal involves unadjudicated allegations and assertions of privileged information, we limit the factual and procedural background to those matters relevant to this review.

## A. The original lawsuit and objections filed in response

In support of their negligence suit, the Saucedos attached multiple exhibits to their filed petition, which was then served on defendants. The attachments included three reports of Bradley Peterson, M.D.—one as to each defendant—along with a curriculum vitae. As well they included an affidavit by Dr. Thomas Mayes—the interim Chair of the hospital's Department of Pediatrics and a member of its credentials committee.

Appellees filed answers entering a general denial. Dr. Canales also filed a motion to strike exhibits filed with plaintiffs' original petition, asserting they contained privileged information protected from public disclosure by Texas law. The Saucedos filed a consolidated response asserting Appellees had failed to show the peer review privilege applied, and even if it did, it had been waived by the parties. The consolidated response attached the same exhibits along with a new unsworn declaration of Dr. Mayes, in which Dr. Mayes stated his previous affidavit did not contain any confidential information obtained from the committee. Appellees lodged further objections to Dr. Mayes's unsworn declaration. The statements contained in Dr. Mayes's affidavit, Dr. Mayes's unsworn declaration, and Dr. Peterson's three expert reports (the Exhibits), and references made in several pleadings, make up the core issue of this appeal.

## B. Hearings on the motions and objections

The trial court considered objections in two phases, holding seven hearings between March 2021 and January 2022. In the first phase, the trial court determined whether challenged

information in plaintiffs' exhibits was protected by a medical peer review privilege. And if so, whether defendants had otherwise waived that privilege. In September 2021, near the beginning of the third hearing, the trial court announced its intent to rule that multiple statements included in the filed exhibits were privileged and confidential, and no waiver of the privilege had been established. The trial court, however, did not render a signed order. Instead, it further announced it would need to determine how best to remove the privileged information from all relevant public records. This concern led to the second phase of hearings held between October 2021 and January 2022.

During this phase, Appellees additionally filed a motion titled, "Joint Special Exceptions and Objections to Plaintiffs' Original Petition and Other Documents Filed by Plaintiff Containing Privileged Information," along with supplemental briefing supporting their previous motion to strike. Appellees' requested the trial court: (1) strike the five exhibits attached to plaintiffs' original petition pursuant to Rule 59 of the Texas Rules of Civil Procedure; (2) sustain special exceptions to portions of the original petition and other filings that attached the Affidavit and Declaration of Dr. Mayes or quoted or paraphrased information from those documents, which the trial court found to be privileged; and (3) redact, remove, or both, from the public record, the Affidavit and Declaration of Dr. Mayes, and two of Dr. Peterson's expert reports, and portions of those documents included among allegations which the trial court found privileged, under the trial court's inherent power outside Rule 76a procedures. The trial court held three hearings relating to proposed orders on the motion to strike and special exceptions.

On January 19, 2022, the trial court signed an "Order on Defendants' Motion to Strike Affidavits, Opinions, and Testimony" (the Privilege Order). This order identified specific portions of Dr. Mayes's affidavit, Dr. Mayes's unsworn declaration, and Dr. Peterson's expert reports,

4

which the trial court found to be protected under the peer review privilege provided by § 160.007(a) of the Texas Occupations Code. The order further indicated that a separate order would be issued to address how to remove, redact, or both, from the public record, the information and references protected from unauthorized disclosure.

Next, the trial court held another hearing, on January 26, 2021, to determine how, and under what authority it could order removal, redaction, or amendment of exhibits and other references which were part of the public record.

On February 23, 2021, the trial court signed an "Order on Defendants' Rule 59 Objection, Special Exceptions, and Supplemental Issues Relating to Peer Review Privilege" (the Amended Redaction Order).[1] The trial court sustained Defendants' objections to the five attachments to the Petition, struck them from the original petition, and ordered the clerk to withdraw these items from the publicly accessible records. The trial court also ordered certain portions of the Exhibits and other filings in the public record to be amended.

## C. Filings in this Court

The Saucedos filed a notice of interlocutory appeal, challenging the trial court's Privilege Order and Amended Redaction Order. Later, they filed a petition for writ of mandamus regarding the same orders. We docketed the mandamus proceeding under Cause No. 08-22-00089-CV, styled as *In re David Edward Saucedo II and Mariana Terrazas Saucedo, Individually and on Behalf of I.S., a Minor Child*. In both proceedings, the Saucedos presented identical briefing, asserting three issues challenging the trial court's two written orders. For purposes of briefing, oral argument, and the rendering of our decisions simultaneously, we consolidated the two proceedings. *See In re Valero Energy Corporation*, 968 S.W.2d 916, 916–17 (Tex. 1998) (instructing that when a court

---

[1] The Amended Redaction Order corrected a clerical error in the original Redaction Order signed on February 3, 2022. This is not an issue by either party and Appellants appeal from the Amended Order.

of appeals is confronted with an interlocutory appeal and a mandamus proceeding, it should consolidate the two proceedings and render decisions disposing of both simultaneously, such as to conserve judicial resources and resources of the parties); *see also In re Chevron U.S.A., Inc.*, 419 S.W.3d 341, 346 (Tex. App.—El Paso 2010, no pet.). In this opinion, we address the Saucedos' complaints under our limited interlocutory jurisdiction.

## II. JURISDICTION OVER THE ISSUES ON APPEAL

The Saucedos bring the same three issues as they did in their companion case for mandamus relief. As a preliminary matter, we first determine whether our interlocutory jurisdiction is implicated by their challenges against the trial court's two orders. We have jurisdiction to consider appeals only from final judgments and certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Authority for interlocutory appeals is provided by § 51.014 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing appealable interlocutory orders). Additionally, Rule 76a of the Texas Rules of Civil Procedure, and other interspersed statutes as well, authorize interlocutory appeals under certain circumstances. *See* TEX. R. CIV. P. 76a(8) (relating to orders relating to the sealing or unsealing of court records); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b) (regarding orders on venue); *Id.* §§ 51.016, 171.098 (addressing orders on arbitration); TEX. FAM. CODE ANN. § 56.01(c)(1)(D) (relating to orders committing a child to a facility for the mentally ill).

We look at the three issues individually to confirm our jurisdiction as to each.

### A. Issue one

In their first issue, the Saucedos challenge the Privilege Order, which found the medical peer review privilege applied to Dr. Peterson's expert reports and to Dr. Mayes's affidavit and

declaration. The Saucedos assert we have jurisdiction to review this issue on interlocutory appeal even though they simultaneously have argued for mandamus relief. They assert that questions surrounding the Privilege Order are preliminary to other questions properly brought in an interlocutory appeal. Even so, we recognize that a consolidation of the appeal with a mandamus request does not confer jurisdiction over interlocutory issues where there is no statutory right to appeal. *See In re Chevron U.S.A., Inc.*, 419 S.W.3d at 347 (consolidating an interlocutory appeal and mandamus action but still concluding that dismissal of the interlocutory appeal for want of jurisdiction was required where there was no basis for appellate jurisdiction). Here, the Saucedos cite no authority, and we found none, providing a statutory right to an interlocutory appeal of the trial court's finding that the medical peer review privilege applied to information included in publicly filed reports and pleadings.

### B. Issue two

In their second issue, the Saucedos assert the trial court abused its discretion in the Amended Redaction Order by: (1) ordering them to amend and redact the Exhibits, and similarly amend and redact statements in pleadings and court filings paraphrasing from the same expert reports; (2) ordering the Exhibits, and court records paraphrasing any statements from them, sealed as defendants did not meet Rule 76a requirements; and (3) ordering the district clerk to withdraw from the court's file and the public's access the Exhibits filed with their original petition, which directly supports their allegations under Rule 59.

The Amended Redaction Order provides two substantive provisions. First, the order strikes all five exhibits attached to the original petition, removing them from the publicly filed records. In essence, this ruling seals these records from public view. Second, the order grants Appellees' special exceptions against certain portions of plaintiffs' pleadings.

7

To start, Appellees assert the trial court's ruling is not appealable under Rule 76a because the order itself indicates that Rule 76a did not apply. Appellees further assert the court's ruling which grants special exceptions is not a reviewable order. We disagree with the first argument and agree with the second.

First, any ruling removing court files from the public record is appealable under Rule 76a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 76a(8) ("Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order."). Rule 76a(8) provides that a sealing order is "deemed to be severed from the case and a final judgment" and thus it may be appealed. *See Biederman v. Brown*, 563 S.W.3d 291, 299 n.6 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Accordingly, Rule 76a provides a basis for appellate jurisdiction to review a trial court ruling that operates as a sealing of the court's record.

Second, as for special exceptions, a trial court's ruling is not subject to review by interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a); *see also Harris Cnty. Flood Control Dist. v. Adam*, 56 S.W.3d 665, 670 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd w.o.j.) (stating trial court's rulings on special exceptions are not subject to review by interlocutory appeal).

## C. Issue three

The Saucedos' third issue addresses both orders together, asserting no adequate remedy is available on appeal. We interpret this issue as a contingent argument only brought in support of the petition for mandamus relief. Having determined on mandamus relief that the Saucedos lack an adequate remedy by appeal, the contingency is not applicable. *In re Saucedo*, No. 08-22-00089-

CV (Tex. App.—El Paso April 24, 2023, orig. proceeding). Accordingly, this issue is not appropriate for interlocutory appeal. We see no need to address this issue in this appeal.

For these reasons, we dismiss the appeal as to issue one in its entirety, issue two in part, and issue three in its entirety, concluding we have no interlocutory jurisdiction. We address issue two, in part, on its merits.

## III. THE AMENDED REDACTION ORDER

We determined we only have interlocutory jurisdiction over issue two in part. Restated, the Saucedos' second issue asserts the trial court abused its discretion by (1) ordering a sealing of the five expert reports and other court records paraphrasing expert statements arguing that Defendants did not satisfy Rule 76a substantive or procedural requirements; and (2) ordering the district clerk of the trial court to withdraw from the court's file and the public's access the five expert report exhibits that they filed with their original petition, which directly support their allegations under Rule 59.

### A. Applicable law and standard of review

Texas Rule of Civil Procedure 76a(1) provides as follows:

Standard for Sealing Court Records. Court records may not be removed from court files except as permitted by statute or rule. No court order or opinion issued in the adjudication of a case may be sealed. Other court records, as defined in this rule, are presumed to be open to the general public and may be sealed only upon a showing of all of the following:

    (a)  a specific, serious and substantial interest which clearly outweighs:

        (1)  this presumption of openness;

        (2)  any probable adverse effect that sealing will have upon the general public health or safety;

    (b)  no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

9

TEX. R. CIV. P. 76a(1).

A trial court's determinations under Rule 76a are reviewed under an abuse of discretion standard. *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998). "This is because Rule 76a does not require the court to make factual findings, but rather requires it to balance the public's interest in open court proceedings against an individual litigant's personal or proprietary interest in privacy." *In re Browning-Ferris Indus., Inc.*, 267 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Under this standard, courts do not disturb the trial court's ruling unless it is shown that the court acted without reference to any guiding rules or principles or in a manner that was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985).

**B. Analysis**

The Saucedos assert the trial court abused its discretion in issuing the Amended Redaction Order because Appellees failed to establish that they had complied with Rule 76a requirements. The trial court noted in the order that "it has inherent power to limit the right of public access to the Court's judicial records that contain information the Court has declared to be confidential and privileged." Moreover, it found that Rule 76a sealing procedures did not apply because the challenged documents were not "court records" as that term is defined in Rule 76a(2)(a)(2). Lastly, the trial court expressly stated it had granted Appellees' motion to strike the records pursuant to Rule 59 of the Texas Rules of Civil Procedure.

The trial court determined the requirements of Rule 76a did not apply because the challenged exhibits were not in fact court records. Rule 76a provides that "court records" means "all documents of any nature filed in connection with any matter before any civil court, except: (1) documents filed with a court in camera, solely for the purposes of obtaining a ruling on the

10

discoverability of such documents; (2) documents in court filed to which access is otherwise restricted by law; (3) documents filed in an action originally arising under the Family Code." TEX. R. CIV. P. 76a(2)(a). Whether documents are considered court records by the terms of Rule 76a is a threshold determination. *Kepple*, 970 S.W.2d at 524. When the character of documents is disputed, the party claiming they should remain open to the public carries the burden to prove by a preponderance of the evidence that they qualify as court records. *Roberts v. West*, 123 S.W.3d 436, 441 (Tex. App.—San Antonio 2003, pet. denied). The trial court determines whether the documents are court records based upon evidence presented, which itself may include the documents themselves submitted in camera. *Eli Lilly & Co. v. Biffle*, 868 S.W.2d 806, 809 (Tex. App.—Dallas 1993, no writ).

Appellees assert the Exhibits are *not* court records because they fall under the exception provided by Rule 76a(2)(a)(2), applicable to "documents in court files to which access is otherwise restricted by law." TEX. R. CIV. P. 76a(2)(a)(2). They contend that, because the law restricts access to documents containing medical peer-review privileged information, the challenged exhibits are not court records, and thus, it was not necessary to follow Rule 76a requirements in ordering a sealing of the court's file. The Saucedos respond that Rule 76a provides the only procedural mechanism to sealing court records. They argue that Appellees failed to comply with the rule's requirements when they sought an order sealing the challenged records. The Saucedos further point out that the Exhibits have been thrust into the "public domain for over 18 months because all parties filed them and quoted from them in their motions." Because Appellees never met their burden to prove the medical peer review privilege applies, the Saucedos assert that Rule 76a(2)(a)(2)'s exception cannot apply. However, as our companion opinion entered on this same

11

day concludes, Appellees did in fact prove the peer review privilege applied. *See In re Saucedo*, No. 08-22-00089-CV (Tex. App.—El Paso April 24, 2023, orig. proceeding).

We conclude the information in the challenged exhibits is restricted by law and, pursuant to the plain language of Rule 76a, they are not court records and not subject to these requirements. *See Enriquez v. Owens*, No. 03-09-00237-CV, 2010 WL 1507821, at \*4 (Tex. App.—Austin Apr. 14, 2010, pet. denied) (stating board minutes were restricted under Texas law and, therefore, were not court records; and this determination allowed the trial court to seal the records without following the requirements of Rule 76a)).

Accordingly, we conclude the trial court did not abuse its discretion in ordering the record redacted and sealed. We overrule the remaining portion of the Saucedos' second issue.

## IV. CONCLUSION

We dismiss the appeal in part and affirm the remaining part on the merits. We dismiss the appeal in part regarding the challenges raised against the Privilege Order and the special exceptions on the basis that we lack interlocutory jurisdiction. We affirm in part the trial court's Amended Redaction Order and remand to the trial court for further proceedings.

GINA M. PALAFOX, Justice

April 24, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

12