**Reversed and Remanded and Opinion filed October 7, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-01132-CV

**JOHNNY COLLUMS AND TINA COLLUMS, Appellants**

**V.**

**FORD MOTOR COMPANY, Appellee**

**On Appeal from the Co Civil Ct at Law No 4**
**Harris County, Texas**
**Trial Court Cause No. 1007240**

## O P I N I O N

Appellants Johnny and Tina Collums appeal the trial court's granting of summary judgment in favor of appellee Ford Motor Company on appellants' Deceptive Trade Practices Act (DTPA)[1] claims. The sole issue presented is whether the trial court erred in granting summary judgment on the ground that appellants are not "consumers" under the DTPA. Because we conclude appellants

---

[1] *See* Tex. Bus. & Com. Code Ann. ch. 17 (West 2011).

are DTPA "consumers" as a matter of law, we reverse the trial court's order granting summary judgment in favor of Ford and remand this cause for further proceedings consistent with this opinion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Mr. Collums purchased a new Ford F-450 while working in Rock Springs, Wyoming. The truck originally had a 36,600-mile warranty. Ford later extended the warranty on the fuel system to 200,000 miles. While working in Williston, North Dakota in November of 2011, Mr. Collums noticed the truck was losing power and making irregular noises. He took the truck to Stockman Motor, Inc. d/b/a Select Ford Mercury, a dealership in Williston. Citing a "lack of maintenance," Select Ford Mercury refused to honor the warranty and subsequently sent appellants a service invoice for the unrepaired truck totaling $5,208.31. According to appellants, the truck remained at the Williston dealership until September 2013, when the dealership returned the truck to appellants "in pieces."

On January 5, 2012, appellants sued Ford and Select Ford Mercury in Harris County, Texas. Appellants alleged that Ford and Select Ford Mercury violated the DTPA by (1) committing a variety of deceptive practices from the DTPA "laundry list,"[2] (2) breaching express and implied warranties,[3] and (3) engaging in an unconscionable course of action.[4] Ford filed a motion for summary judgment, asserting only that appellants were not "consumers" under the DTPA.[5] Appellants

---

[2] *See id.* §§ 17.46(b)(5), (b)(7), (b)(12), (b)(20), (b)(24) (West 2011).

[3] *See id.* § 17.50(a)(2) (West 2011).

[4] *See id.* § 17.50(a)(3) (West 2011).

[5] We decline to address Ford's contention on appeal that application of the Texas DTPA would violate "principles of extraterritorialism" implicating "significant and far-reaching constitutional concerns." "Our system of appellate review, as well as judicial economy, is better

2

nonsuited their claims against Select Ford Mercury. The trial court granted Ford's motion for summary judgment and ordered appellants take nothing. Appellants timely appealed.

## II.   STANDARD OF REVIEW

We review a summary judgment de novo. *Mann Frankfurt Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, a movant must establish "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). If a defendant conclusively negates one of the essential elements of a cause of action, then the defendant is entitled to summary judgment as to that cause of action. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the defendant produces evidence entitling it to summary judgment, the burden then shifts to the plaintiff to present evidence that creates a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). On review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## III.   DISCUSSION

A plaintiff must prove his or her status as a consumer to prevail in an action under the DTPA. *See* Tex. Bus. & Com. Code Ann. § 17.50 (West 2011); *Kennedy*

---

served when appellate courts only consider those summary judgment issues contemplated and ruled on by the trial court." *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 382 (Tex. 1993); *see Olmstead v. Napoli*, 383 S.W.3d 650, 652 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (when grounds for granting of summary judgment are not specified, summary judgment will be affirmed if any one of the theories *advanced in the motion* are meritorious). Here, Ford moved for summary judgment on one ground only: that "Johnny and Tina Collums . . . are not 'consumers' protected under the Texas Deceptive Trade Practices Act." The trial court did not contemplate or rule on Ford's "extraterritorialism" arguments. Therefore, we do not consider Ford's "extraterritorialism" grounds for summary judgment.

*v. Sale*, 689 S.W.2d 890, 892–93 (Tex. 1985). The Texas Supreme Court has recognized two requirements that a plaintiff must establish to qualify as a consumer under the DTPA. First, the plaintiff must have sought or acquired goods or services by purchase or lease. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981); *see* Tex. Bus. & Com. Code Ann. § 17.45(4) (West 2011). Second, the goods or services sought or acquired by purchase or lease must form the basis of the complaint. *Cameron*, 618 S.W.2d at 539.

Appellants are consumers for DTPA purposes. Appellants purchased a Ford truck with a 36,600-mile warranty. The warranty was extended to cover the fuel system for 200,000 miles. The mechanical problems associated with the truck and Ford's refusal to honor the warranties form the basis of appellants' complaint. Therefore, appellants satisfy the recognized requirements necessary to establish their "consumer" status under the DTPA. *Id.* at 539; *see, e.g.*, *Jim Stephenson Motor Co., Inc. v. Amundson*, 711 S.W.2d 665, 670 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (plaintiff established status as consumer when he purchased a vehicle); *N. Star Dodge Sales, Inc. v. Luna*, 653 S.W.2d 892, 899 (Tex. App.—San Antonio 1983) (plaintiff's vehicle purchase established status as a consumer of both the vehicle and the warranty provided with the vehicle), *rev'd in part on other grounds*, 667 S.W.2d 115 (Tex. 1984); *Termeer v. Interstate Motors, Inc.*, 634 S.W.2d 12, 14 (Tex. App.—Beaumont 1982, no writ) (plaintiff who dropped vehicle off for repairs was a consumer).

Citing the DTPA definition of "trade" and "commerce," Ford argues that to be considered a "consumer" under the DTPA, a plaintiff must also be a resident of Texas because the DTPA only applies to trade or commerce directly or indirectly affecting the people of Texas. *See* Tex. Bus. & Com. Code Ann. § 17.45(6) (West 2011) (defining "trade" and "commerce"). According to Ford, because appellants'

warranty was denied in North Dakota and because appellants resided in Oklahoma when they sued Ford,[6] appellants "are either North Dakota or Oklahoma consumers, not Texas consumers, and therefore lack the appropriate standing to make a claim under the [DTPA]."[7]

We reject Ford's argument for two reasons. First, the plain language of the DTPA's definition of "consumer" does not contain a residency requirement. *See* Tex. Bus. & Com. Code Ann. § 17.45(4) (defining "consumer" as "an individual . . . who seeks or acquires by purchase or lease[ ] any goods or services . . . ."); *see also In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008) ("We . . . presume the Legislature included each word in the statute for a purpose . . . and that words not included were purposefully omitted." (internal citations omitted)). Second, Ford's attempt to use the DTPA definition of "trade" and "commerce" to impose a residency requirement on the definition of "consumer" directly conflicts with Texas Supreme Court precedent:

> [T]he scope of "trade" and "commerce" defines the *acts that are illegal*; it does not purport to say who may maintain a private cause of action. . . . [I]t is the definition of consumer that delineates the class of persons that may maintain a private cause of action. . . . [T]he [section 17.44(a)] rule of liberal interpretation should not be applied in a manner that negates the statutory definition of the word "consumer." . . . To read the [DTPA] in such a manner that "trade" and "commerce" define the class of persons who are consumers would constitute a

---

[6] Appellants contest Ford's averments regarding their residency.

[7] We interpret Ford's reference to "standing" as part of its challenge to appellants' status as consumers. Even if we were to analyze standing from a subject matter jurisdiction perspective, it is clear that appellants satisfy the general test for standing. *Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) ("The general test for standing in Texas requires that there (a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial [relief] sought." (internal quotations omitted)); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, — U.S. —, 134 S. Ct. 1377, 1387–88 (2014) (question of whether a plaintiff has a statutory cause of action is not one of Article III "standing" but of statutory interpretation).

> judicial deletion of section 17.45(4), which defines consumer in terms of a purchaser of "goods" and "services," and *not in connection with* "trade" and "commerce." This we cannot do.

*Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980) (emphases added). Ford's reliance on the DTPA definition of "trade" and "commerce" to impose a residency requirement on the DTPA definition of "consumer" is therefore unavailing. We conclude that appellants did not have to establish their Texas residency in order to establish their status as DTPA consumers.

Accordingly, we hold that appellants are "consumers" under the DTPA as a matter of law. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 924–25 (Tex. 2013) ("[A] party's status as a consumer is typically a question of law for the courts to decide."); *Rivera v. S. Green Ltd. Partnership*, 208 S.W.3d 12, 21 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (plaintiff's status as consumer is a question of law). The trial court erred when it granted summary judgment in favor of Ford based on the ground that plaintiffs were not "consumers" within the meaning of the DTPA. We sustain appellants' sole issue on appeal.

## IV    CONCLUSION

Appellants are consumers under the DTPA as a matter of law. The trial court erred in granting summary judgment in favor of Ford. We reverse the trial court's summary judgment in favor of Ford and remand this cause for proceedings consistent with this opinion.

/s/     Marc W. Brown
Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.