**Opinion issued April 2, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00242-CV

————————————

**NEPHROLOGY LEADERS AND ASSOCIATES AND M. ATIQ DADA, MD,**
**Appellants**

**V.**

**AMERICAN RENAL ASSOCIATES LLC, Appellee**

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2017-21479

# O P I N I O N

Nephrology Leaders and Associates, PLLC and M. Atiq Dada, M.D. (collectively, "Nephrology") appeal the trial court's order temporarily sealing certain documents that third party American Renal Associates, LLC sought to

protect from Nephrology's subpoena.[1]  In two issues, Nephrology argues that the trial court abused its discretion by setting the motion for a hearing *sua sponte* and that the evidence is insufficient to support the order.

American Renal argues that Nephrology lacks standing to bring this appeal. We agree, and dismiss for lack of jurisdiction.

## Background

Nephrology initiated the underlying suit against McGuireWoods, LLP (not a party to this appeal) for breach of fiduciary duties arising from prior legal representation.  In seeking discovery for the case, Nephrology subpoenaed documents from third party American Renal.  In response, American Renal filed a motion for protective order, arguing that Nephrology had released its right to conduct discovery in this matter under two release agreements ("the Releases"), which Nephrology attached as exhibits and filed in camera.  At the same time, American Renal filed the subject motion to temporarily and permanently seal the two releases pursuant to Texas Rule of Civil Procedure 76a.

Three months later, American Renal set its motion for protective order for a "submission hearing" to occur on March 12, 2018.  On March 9, the trial court added

---

[1]    Nephrology appeals pursuant to Texas Rule of Civil Procedure 76a(8), which provides that a sealing order is "deemed to be severed from the case and a final judgment" and may be appealed. *See Biederman v. Brown*, 563 S.W.3d 291, 299 n.6 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

2

American Renal's motion to seal to its March 12 submission hearing docket so that the two motions were set together. The day after the submission hearing, the trial court signed an order temporarily sealing the documents under Rule 76a. Nephrology appeals this order.

## Standard of Review

"Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993); *accord Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012) ("A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it."). Appellate courts always have jurisdiction to resolve questions of subject-matter jurisdiction, and we do so via de novo review. *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015).

## Standing

"Standing is implicit in the concept of subject matter jurisdiction." *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. It is "a constitutional prerequisite to suit," and courts have no jurisdiction over and thus must dismiss claims made by parties who lack standing to assert them. *Heckman*, 369 S.W.3d at 150–51.

Just as plaintiffs must have standing to bring suit, appellants must have standing to appeal trial court judgments. *Tex. Quarter Horse Ass'n v. Am. Legion Dep't of Tex.*, 496 S.W.3d 175, 181 (Tex. App.—Austin 2016, no pet.) (citing

3

*Naylor*, 466 S.W.3d at 787)); *see also Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) ("[A]n appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others.").

In determining whether an appellant has standing, a party's status in the trial court is not controlling. *Tex. Quarter Horse*, 496 S.W.3d at 184. The "ultimate inquiry is whether the appellant possesses a justiciable interest in obtaining relief from the lower court's judgment." *Id.* (citing *Torrington,* 46 S.W.3d at 843–44 (appellate standing requires party's own interests prejudiced by alleged error)). Specifically, to have standing, an appellant must be personally aggrieved, meaning "his alleged injury must be concrete and particularized, actual or imminent, not hypothetical." *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 580 (Tex. 2013) (quoting *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–305 (Tex. 2008)); *accord McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 234 (Tex. 2001) ("[S]tanding requires that the controversy adversely affect the party seeking review."). And his injury must be "likely to be redressed by the requested relief." *Heckman*, 369 S.W.3d at 154; *accord Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 485 (Tex. 2018) (to meet redressability requirement for standing, there must be substantial likelihood that requested relief will remedy alleged injury).

**Analysis**

Nephrology does not contend (and the record does not show) that it was adversely affected by the order temporarily sealing the Releases.[2] It argues, instead, that whether it has suffered an injury is "immaterial," because it has "statutory standing" to appeal without showing it was injured under Texas Rule of Civil Procedure 76a(8), which provides, in pertinent part:

> Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order.

In other words, Nephrology argues that because it meets Rule 76a(8)'s threshold requirements for bringing an appeal,[3] it is relieved of the burden of showing that the order adversely affects it. But Rule 76a(8) cannot set a lower standard than that set

---

[2] Nephrology has possession of the records under seal, and it does not argue that it has been prevented from using them in the underlying case. *See Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 988 S.W.2d 750, 752 (Tex. 1999) (plaintiff lacked standing to appeal lack of instruction in charge that would have benefited defendant); *Vodicka v. A.H. Belo Corp.*, No. 05-17-00728-CV, 2018 WL 3301592, at *11 (Tex. App.—Dallas July 5, 2018, pet. denied) (mem. op.) (party to suit lacked standing to challenge on appeal order declaring different party vexatious litigant); *In re Guardianship of Peterson*, Nos. 01-15-00567-CV, 01-15-00586-CV, 2016 WL 4487511, *5 (Tex. App.—Houston [1st Dist.] Aug. 25, 2016, no pet.) (mem. op.) ("An appellant is not harmed when sanctions are imposed solely against the appellant's attorney.").

[3] The parties dispute whether Nephrology meets the terms of 76a(8), i.e., whether the submission hearing qualifies as a "hearing," and whether the Releases are "court records" as defined by 76a(2). Because we hold below that Nephrology was not harmed by the temporary sealing order, we need not settle this dispute.

5

by the general doctrine of standing because "courts' constitutional jurisdiction cannot be enlarged by statute."[4]  *Norwood*, 418 S.W.3d at 582 n.83 (citing *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 462 (Tex. 2011) (orig. proceeding); *see also In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 544 (Tex. 2016) (orig. proceeding) ("For the Legislature to attempt to authorize a court to act without subject matter jurisdiction would violate the constitutional separation of powers.").  As the Texas Supreme Court has explained, statutes granting appellate jurisdiction do not supplant the Texas Constitution's standing requirement for subject-matter jurisdiction.  *See Cortez*, 66 S.W.3d at 231 (statute authorizing "[a] person" to appeal from interlocutory order does not dispense with jurisdictional standing requirement that appellant show order adversely affects it because "the interlocutory appeal statute does not supplant the constitutional requirement that the court of appeals have subject-matter jurisdiction, and both ripeness and standing are necessary components of that jurisdiction").  Thus, while Rule 76a(8) authorizes "any party or intervenor who participated in the hearing" to appeal the sealing order, it does not go so far as to confer constitutional standing upon such party or intervenor.  TEX. R. CIV. P. 76a(8); *see also Tex. Quarter Horse*, 496 S.W.3d at 185 (Administrative Procedure Act section 2001.901 authorizing party to appeal district court judgment

---

[4]     The Texas Rules of Civil Procedure have "the same force and effect as statutes." *In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001) (orig. proceeding).

does not confer constitutional standing); *Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 179 (Tex. App.—Austin 2013, no pet.) ("'Standing' to participate in an agency proceeding does not in itself confer, and is not the same as" constitutional standing.).

Indeed, to read Rule 76a(8) so broadly would be to render it unenforceable. *See Tex. Quarter Horse*, 496 S.W.3d at 185 ("To the extent [APA section 2001.901] could be read to authorize an appeal by a 'party' lacking a justiciable interest, it would be unenforceable."). We must instead construe the right of appeal granted by Rule 76a(8) "to extend no farther than what the Texas Constitution allows—to presume or incorporate the jurisdictional requirement" of standing to appeal. *Id.* (citing *Norwood*, 418 S.W.3d at 582 n.83 ("We treat the [APA]'s requirement [that a plaintiff allege that a rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, his legal right or privilege] as but another expression of the general doctrine of standing.")); *accord Allcat*, 356 S.W.3d at 462 ("If the grant of jurisdiction or the relief authorized in the statute exceeds the limits of [the Texas Constitution], then we simply exercise as much jurisdiction over the case as the Constitution allows . . . ."); *In re LoneStar Logo & Signs, LLC*, 552 S.W.3d 342, 350–51 (Tex. App.—Austin 2018, orig. proceeding) (reviewing courts presume Legislature enacted statutes "without intending to stretch statutory standing so far as to potentially implicate justiciability concerns").

Finally, we address Nephrology's argument that we are to discard "the judge-made criteria" of injury and redressability and instead look only to Rule 76a to determine standing. In making this argument, Nephrology misconstrues the holdings in two "statutory standing"[5] cases from our sister courts. *See In re Sullivan*, 157 S.W.3d 911, 915 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding) ("[T]he judge-made criteria regarding standing do not apply when the Texas Legislature has conferred standing through a statute."); *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 851 (Tex. App.—Fort Worth 2005, no pet.) ("When standing has been statutorily conferred, the statute itself serves as the proper framework for a standing analysis.").

Nephrology is correct that in statutory standing cases such as *Sullivan* and *Everett*, the proper analysis is to determine whether the claimant falls within the category of claimants upon whom the Legislature conferred standing. *Sullivan*, 157

---

[5] The label "statutory standing" has been criticized for contributing to the erroneous assumption that statutory authority to bring an action or appeal includes a per se grant of constitutional standing. *See, e.g.*, *In re K.S.*, 492 S.W.3d 419, 423, n.5 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("Although courts sometimes refer to the question whether a party has a cause of action under a statute as one of 'statutory standing,' that label can be misleading because the absence of a valid cause of action does not implicate subject-matter jurisdiction."); *Collums v. Ford Motor Co.*, 449 S.W.3d 189, 192, n.7 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("We interpret [appellee]'s reference to 'standing' as part of its challenge to appellants' status as consumers."); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127–28 & n.4 (2014) (question whether plaintiff has statutory cause of action is not one of constitutional "standing" but of statutory interpretation).

S.W.3d at 915; *Everett*, 178 S.W.3d at 851.  In other words, courts must determine whether a particular plaintiff has established that he has been injured or wronged within the parameters of the statutory language.  *See Sullivan*, 157 S.W.3d at 915 ("Because [real party in interest] is a man alleging himself to be [child]'s biological father and seeking an adjudication that he is her father, we conclude that section 160.602 of the Texas Family Code [allowing "a man whose paternity of the child is to be adjudicated" to maintain a parentage proceeding] confers standing on [him] to maintain a parentage proceeding."); *Everett*, 178 S.W.3d at 853–54 ("We examine [plaintiff]'s pleadings to determine whether . . . the facts pleaded establish that the alleged defect in the TK–52 buckles proximately caused them injury, thereby establishing their statutory standing to bring suit for breach of the implied warranty of merchantability [under section 2.314 of the Texas Business & Commerce Code].").

But it does not follow that we disregard the Texas Constitution's standing requirements of injury and redressability.  These requirements are not "judge-made"; they stem from the Texas Constitution's open courts provision, "which contemplates access to the courts only for those litigants suffering an injury," *Tex. Ass'n of Bus.*, 852 S.W.2d at 444 (citing TEX. CONST. art. I, § 13), and cannot be discarded, *see Tex. Quarter Horse*, 496 S.W.3d at 185 ("To the extent [APA section 2001.901] could be read to authorize an appeal by a 'party' lacking a justiciable interest, it

would be unenforceable."); *see also Cortez*, 66 S.W.3d at 231, 234 (statute authorizing party to appeal from interlocutory order does not dispense with injury requirement of standing).  Thus, while we are directed to Rule 76a in our assessment, we still must determine whether Nephrology has shown that it suffered a redressable injury for it to have standing to bring this appeal.  *See Norwood*, 418 S.W.3d at 582 n.83 ("[C]ourts' constitutional jurisdiction cannot be enlarged by statute.").

We conclude that because Nephrology has not shown any injury that this Court could redress, Nephrology lacks standing to bring this appeal.

## Conclusion

Because Nephrology lacks standing to bring this appeal, we dismiss it for want of subject-matter jurisdiction.  *Naylor*, 466 S.W.3d at 787; *Tex. Quarter Horse*, 496 S.W.3d at 185.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Landau.