Filed 4/24/20; Modified and Certified for Publication 5/18/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| SIX4THREE, LLC,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>        Defendants and Respondents. | A156095<br><br>(San Mateo County<br>Super. Ct. No. CIV533328) |

Plaintiff Six4Three, LLC appeals from an order in which the trial court (1) struck as irrelevant multiple exhibits to a declaration that Six4Three had submitted in opposition to an anti-SLAPP motion (Code Civ. Proc.,[1] § 425.16) and (2) sealed various exhibits to that same declaration. We shall dismiss the appeal. Six4Three is not "aggrieved" by the sealing portion of the order and therefore does not have standing to appeal that aspect of the order. (§ 902.) Insofar as the order *strikes* exhibits, it is not immediately appealable.

## Factual and Procedural History

This is the second time this case has come before this court on appeal.[2] In September 2019, we resolved cross-appeals from a July 2018 order that

---

[1] All undesignated statutory citations are to the Code of Civil Procedure.

[2] At Six4Three's unopposed request, we take judicial notice of the record in the prior appeal.

had denied as untimely the anti-SLAPP motion of defendant Facebook, Inc. (Facebook) but granted a parallel motion by several Facebook officers (the individual defendants). (*Six4Three, LLC v. Facebook, Inc.* (Sept. 30, 2019, Nos. A154890, A155334 [nonpub. opn.]).) We affirmed the denial of Facebook's motion but reversed the order granting the individual defendants' motion and remanded for further proceedings.

Early in the litigation the trial court approved a stipulated protective order. The order authorizes a party to label documents produced in discovery Highly Confidential or Confidential. If a document is labeled Highly Confidential, counsel cannot disclose it to third parties or to "directors, officers or employees of a party, or . . . witnesses." If a document is labeled Confidential, counsel may show it to their client's principals and to witnesses, but not to third parties. If a party labels material Confidential or Highly Confidential, an opposing party may "at any time" object to the designation. The designating party then has 20 days "to apply to the Court for an order designating the material as confidential." Although in its briefs to this court Six4Three repeatedly states that Facebook improperly designated many documents as Confidential or Highly Confidential, the record does not indicate that Six4Three pursued a challenge to the designation of documents relevant to this appeal under the procedure provided in the protective order.[3]

In May 2018, in support of its opposition to the individual defendants' anti-SLAPP motion, Six4Three submitted a massive declaration by attorney David Godkin with over 200 exhibits, many of which were copies of documents that Facebook had labeled Highly Confidential or Confidential.

---

[3] Subsequent to oral argument, counsel for Six4Three has, without leave of the court, submitted a letter and declaration attempting to supplement the record with additional evidence not properly before us. The materials submitted in violation of the Rules of Court (rules 8.200 (a)(4), 8.120) have not been filed and will not be considered.

Six4Three filed a redacted, public version and lodged conditionally under seal an unredacted copy. Facebook then filed a motion to seal the exhibits to the Godkin declaration that consisted of copies of documents that Facebook had designated confidential. Unable to resolve at a single hearing the numerous motions then pending,[4] the court continued the hearing on the motion to seal until after the hearing on the anti-SLAPP motions. In July 2018, the court issued its order denying Facebook's anti-SLAPP motion but granting that of the individual defendants. The resolution of neither motion depended on any of the exhibits to the Godkin declaration.

Prior to the October 2018 hearing on the motions to seal, the court issued a tentative ruling stating that it would, on its own motion, strike numerous exhibits to the Godkin Declaration that were irrelevant to the anti-SLAPP motion. After hearing oral argument, the court issued an order striking 182 exhibits, in whole or in part, based on irrelevance or on the improper submission of entire documents of which only a page or two was relevant, and sealing 22 full exhibits and certain pages of four exhibits that were deposition transcripts.

Six4Three timely filed a notice of appeal stating that it "appeals the trial court's order directing the sealing of numerous Facebook documents . . . under the collateral-order doctrine." The notice cites *Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471 (*Overstock*) for the

---

[4] Facebook had also filed two motions to seal other documents submitted by Six4Three. While those motions were pending, media entities had filed motions to unseal the documents submitted by Six4Three. The trial court ultimately denied those motions without prejudice as premature, since it had not yet sealed any of those documents, but treated them as amicus briefs in support of Six4Three's oppositions to the motions to seal.

proposition that an order sealing documents is an appealable collateral order. The notice does not mention the striking order.

After briefing was complete, this court requested supplemental letter briefs addressing whether Six4Three is "aggrieved" by the sealing order, so as to have standing to appeal it. Our request cited a Texas opinion holding that an order sealing documents did not aggrieve a party who had and was able to use copies of the sealed documents. (*Nephrology Leaders & Assocs. v. American Renal Assocs. LLC* (Tex.Ct.App. 2019) 573 S.W.3d 912, 914.)

### Discussion

#### 1. *The Striking Order Is Not Appealable.*

Six4Three's opening brief focuses primarily on the sealing order. When it turns to the striking order, Six4Three addresses only why it considers the stricken documents relevant and why it submitted full copies instead of excerpts, but its opening brief does not address why the striking order is appealable. Facebook's brief contends that, while the collateral-order doctrine applies to orders sealing exhibits (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 77), it does not apply to orders striking exhibits. In reply, Six4Three does not contend that the collateral order doctrine applies, but asserts that the striking order is appealable because it is "contained within a sealing order" and "based on the sealing rules." Neither rationale establishes that the striking order is appealable.

A single order or judgment can be in part appealable and in part nonappealable. (See, e.g., *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1060; *P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1053–1054.) The fact that an aggrieved party may appeal the sealing portion of the court's order does not establish that another portion of the order not independently appealable may be reviewed simply because contained in the same document. Neither the "sealing rules" nor any

4

other rule or statutory provision authorizes an appeal from an order striking documents. Although the trial court cited *Overstock, supra,* 231 Cal.App.4th 471, which addresses an order declining to seal documents (*id.* at pp. 483, 492), the trial court did not "base" the striking order "on the sealing rules"; those rules do not authorize the striking of documents. The court based the striking order on a passage in *Overstock* that notes a trial court's inherent power to strike irrelevant material. (*Id.* at pp. 499–500.)

The court in *Overstock* addressed the type of "abusive litigation practices" with which the trial court here felt it was confronted. (*Overstock, supra,* 231 Cal.App.4th at p. 498.) If parties "inundate" a court with confidential documents and engage in such "brute litigation overkill" as submitting entire documents when but a page or two is relevant, offering many documents to support a claim when one will suffice, and submitting exhibits they never cite, the beleaguered court may "welcome" a motion to strike that will "winnow down the material to that which is relevant." (*Id.* at pp. 498–500.) Alternatively, the court may strike irrelevant material on its own motion. (*Id.* at p. 499.) But *Overstock* did not involve an order striking documents,[5] and the court said nothing about the appealability of such an order.

---

[5] The *Overstock* court stated, "[T]he trial court *could have stricken* thousands of pages of the confidential discovery materials plaintiffs submitted but never referenced . . . . *Had it done so,* these irrelevant materials would have effectively been removed from the court's file, eliminating the need to address any sealing issues as to these materials." (*Overstock, supra,* 231 Cal.App.4th at p. 500, italics omitted & added.) "As a practical matter," *Overstock* notes, a court may effectuate the removal of irrelevant material from its file by issuing "an order sealing the irrelevant, confidential material, for example, when a party anticipates challenging a court's irrelevancy determination on appeal." (*Id.* at p. 500, fn. 18.)

Six4Three cites no authority that such an order is appealable. Instead, implicitly referring to section 906, it argues that courts of appeal often "review evidentiary rulings when made as part and parcel of appealable orders." Section 906 provides, "Upon appeal pursuant to Section 904.1, or 904.2, the reviewing court may review any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party." Here, nothing in sections 904.1 or 904.2 authorizes this appeal. Even if section 906 applies to an appeal from a collateral order, Six4Three has no standing to bring this appeal from the collateral order, as discussed below. More fundamentally, the striking order does not involve the merits of or necessarily affect the sealing order. And Six4Three has not shown that the striking order substantially affected its rights.[6] The portion of the court's order striking documents is not appealable.

## 2. *Six4Three Lacks Standing to Appeal the Sealing Order.*

Assuming that an order sealing documents pursuant to California Rules of Court, rules 2.550–2.551 is an appealable collateral order, the order may be appealed only by a party aggrieved by the order (§ 902). For purposes of section 902, a party is aggrieved if an order "injuriously affect[s]" its rights or interests. (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737.) The injured interest must be "recognized by law" (*Serrano v. Stefan Merli*

---

[6] Six4Three complains that, in its prior appeal from the trial court's anti-SLAPP rulings, it could not address the propriety of the striking order because the trial court did not issue that order until the anti-SLAPP appeal was pending. However, if the striking order affects the resolution of the anti-SLAPP motion on remand, Six4Three may seek review of the striking order in the course of any appeal from a future order resolving the anti-SLAPP motion.

*Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1026), and the injury must be "immediate, pecuniary, and substantial"; it cannot be nominal or be "a remote consequence of the judgment." (*County of Alameda*, *supra*, 5 Cal.3d at p. 737.) The injured interest also must belong *to the party*: "a would-be appellant 'lacks standing to raise issues affecting another person's interests.' " (*In re J.T.* (2011) 195 Cal.App.4th 707, 717.) Section 902 is a remedial statute, so courts construe it liberally, resolving doubts in favor of standing. (*Ajida Technolgies, Inc. v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534, 540.)

Six4Three undisputedly possesses copies of every document that the court ordered sealed, and submitted copies of the documents (by lodging them conditionally under seal) to support its opposition to the anti-SLAPP motion. Thus, as in the Texas case to which we directed the parties' attention, the sealing order did not impair Six4Three's ability to use the documents in this litigation. (See *Nephrology Leaders & Assocs. v. American Renal Assocs. LLC*, *supra*, 573 S.W.3d at p. 914 & fn. 2 [party that had copies of documents and used them in action lacked standing to appeal sealing order].) While the sealing order undoubtedly affects the ability of the public to view the sealed documents, neither any of the media that appeared in the trial court nor any other party purporting to represent the interests of the public has joined in this appeal. We do not minimize the importance of the public's interest in access to such documents (*see NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1197–1212), nor presume that there is no merit to the contention that the sealing order here is overly broad, but that determination is subject to appeal only by a party aggrieved by the order.

In its letter brief, Six4Three asserts that the sealing order immediately and substantially injures two of its legally cognizable interests: the sealing order assertedly bars Six4Three and its attorneys from showing documents

7

labeled Confidential or Highly Confidential to persons who may assist in proving Six4Three's claims (including, with regard to Highly Confidential documents, Six4Three's own principals), and the order assertedly bars Six4Three from complying with demands by legislative bodies to provide copies of those documents, subjecting Six4Three to potential sanctions from those bodies for noncompliance, or from the trial court for compliance. Both arguments fail for the same reason. The asserted injuries arise not from the sealing order but from the protective order, and from Six4Three's apparent failure to challenge the designation of documents as confidential under the terms of that order.

The protective order bars Six4Three's counsel from disclosing to its principals all documents labeled Highly Confidential, and it bars Six4Three or its counsel from disclosing documents labeled Confidential to other developers who may have been harmed by Facebook's alleged misconduct, and who might thus become witnesses or offer useful evidence. The disclosure limitations that Six4Three asserts have impaired its ability to prosecute this action are contained in that order—not the sealing order, which limits only public access to many of those documents. Yet, so far as appears, Six4Three never challenged Facebook's confidentiality designations as the protective order enables it to do. (See p. 2, *ante*.) Nor apparently did Six4Three's counsel allude to any impaired ability to develop evidence in briefing or arguing the anti-SLAPP motion. Moreover, there is no indication that Six4Three raised this issue while opposing the motion to seal. Forfeiture of the contention aside, the failure to raise the issue when opposing the sealing motion confirms that the harm Six4Three now alleges does not arise from denying public access to the documents. The supposed harm arises from the terms of the protective order to which Six4Three stipulated and from which it has not

8

sought relief. While a determination that some documents do not meet the criteria for sealing (Cal. Rules of Court, rule 2.550(d)(1)) may support a contention that those documents were improperly designated as Confidential or Highly Confidential, setting aside the sealing order would not itself free Six4Three from the restrictions of the protective order. Six4Three would still need to modify that order or challenge the confidentiality designations applied to those documents pursuant to that order.[7]

Six4Three also contends that the sealing order places it in jeopardy of violating demands made by committees of the United States Congress and the British Parliament or of incurring sanctions from the trial court if it complies with those demands. With its letter brief, Six4Three has submitted copies of two letters to its principal, Theodore Kramer. One is from the Chair of the Digital, Culture, Media and Sport Committee of the House of Commons, and is dated 18 days after the sealing order. The letter quotes an order of the Committee purportedly ordering Kramer to submit "[u]nredacted copies of Six4Three's opposition to the anti-SLAPP . . . motion," along with related documents.[8] The second letter, sent in September 2019, is from the House of

---

[7] While section 3 of the protective order states that "the protections conferred by this Stipulated Protective Order do not cover . . . any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain," section 10 provides that"[n]otwithstanding any challenge to the designation of material as Confidential or Highly Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until" the party claiming the document to be confidential withdraws the designation in writing or fails to timely seek court determination of the confidentiality of the material after receiving a challenge to its designation as confidential, or "the court rules the material is not Confidential Information or Highly Confidential Information."

[8] The letter states that "On Monday 19 November, the Committee made the following order . . . : [¶] *Ordered*, That Mr. Theodore Kramer submit the

9

Representatives Committee on the Judiciary. It asks Six4Three to provide information including all "substantive filings" and all "documents produced by Facebook" in this action.

The request from the House of Representatives committee is not "compulsory process," as Six4Three characterizes it. It is not a subpoena or any type of order with which Six4Three or Mr. Kramer is legally bound to comply. By its explicit language it is no more than a request. Neither Six4Three nor its principal faces legal consequences if they comply with the court's protective order and refuse the request. And in all events it is not the sealing order that restrains them from complying with the request.

As to the demand from the British parliamentary committee, it also is not the sealing order that could give rise to any liability Six4Three might incur, for the sealing order does not restrict the conduct of Six4Three or Mr. Kramer. Moreover, Six4Three advises that Mr. Kramer has already complied with this demand "after multiple written notices were provided to Facebook under . . . mechanisms provided in the Protective Order and Facebook did nothing." Thus, it is not necessary to consider whether Kramer was subject to the jurisdiction of the parliamentary committee, or whether he would in fact have been subject to sanctions had he refused to comply with the committee's demand. While Six4Three asserts that it "now faces [requests for] terminating and monetary sanctions and continuing threats of contempt in the trial court by Facebook," vacating the sealing order would not affect any liability Six4Three potentially may have incurred for violation of the

---

following documents to the DMCS Committee . . . by [November 20, 2018]: [¶] Unredacted copies of Six4Three's opposition to the anti-SLAPP . . . motion, filed in the California courts, relating to the company's dispute with Facebook, along with any documents or notes relating [to] Six4Three's opposition to the anti-SLAPP motion."

10

protective order. Either Six4Three has violated that order or it has not. The imposition of the sealing order neither caused nor threatens to cause any harm to Six4Three in this respect.

Thus, Six4Three has failed to show that it is aggrieved by the sealing order, and it lacks standing to appeal that portion of the trial court's order.[9]

## Disposition

Six4Three's appeal is dismissed. Facebook shall recover its costs on appeal.


POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.

---

[9] We reject the request made at oral argument that we treat the purported appeal as a petition for a writ of mandate because, among other reasons, and as indicated above, there is a procedure Six4Three may pursue in the trial court that more properly focuses on whether restrictions placed by the protective order on its use of particular documents should be modified or vacated. Whether or not the procedure may normally be invoked when proceedings have been stayed by the filing of an anti-SLAPP motion, the trial court in all events may for good cause shown permit it. (§ 425.16, subd. (g).)

11

Filed 5/18/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SIX4THREE, LLC,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>        Defendants and Respondents. | A156095<br>(San Mateo County<br>Super. Ct. No. CIV533328)<br><br>ORDER MODIFYING OPINION,<br>DENYING REHEARING, AND<br>CERTIFYING OPINION FOR<br>PUBLICATION;<br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on April 24, 2020, be modified as follows:

On page 7, at the end of the first full paragraph, after the words "aggrieved by the order," add as footnote 7 the following footnote, which will require renumbering all subsequent footnotes:

> [7] *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1063–1064 held that a sealing order is an appealable collateral order, with which we do not disagree. Although the court there considered the appeal of an adverse party who had access to the sealed documents, the court apparently overlooked and did not consider whether that party had standing to raise the issue. That decision provides no authority for an issue it did not address."

There is no change in the judgment.

The petition for rehearing is denied.

1

The opinion filed on April 24, 2020, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.


Dated: _____ P. J.

2

| | |
|---|---|
| Trial court: | San Mateo County Superior Court |
| Trial judge: | Honorable V. Raymond Swope |
| Counsel for Appellant: | Entrepreneur Law Group LLP<br>Giacomo "Jack" A. Russo<br>Christopher Sargent |
| Counsel for Respondents: | Wilmer Cutler Pickering Hale And Dorr LLP<br>Sonal N. Mehta<br><br>Durie Tangri LLf<br>Laura E. Miller<br>Catherine Y. Kim<br>Zachary G. F. Abrahamson Whitney O'byrne |

A156095