**Opinion issued September 10, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-20-00382-CV**

————————————

## IN RE DOLCEFINO COMMUNICATIONS, LLC, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, Dolcefino Communications, LLC, has filed a petition for a writ of mandamus asserting that the trial court abused its discretion by denying relator's petition for pre-suit discovery pursuant to Rule 202 of the Texas Rules of Civil Procedure (the "Rule 202 Petition"). *See* TEX. R. CIV. P. 202.

We dismiss relator's petition for writ of mandamus for lack of subject-matter jurisdiction.[1]

"Standing is implicit in the concept of subject matter jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Standing is a constitutional prerequisite to obtaining judicial relief, and courts have no jurisdiction over and thus must dismiss claims made by parties who lack standing to assert them. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012); *see also Nephrology Leaders & Assocs. v. Am. Renal Assocs. LLC*, 573 S.W.3d 912, 914 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

To have standing to assert a claim, a party must generally demonstrate that it possesses an interest in the conflict distinct from that of the general public, such that it sustained a specific or particular injury. *See Linegar v. DLA Piper LLP (US)*, 495 S.W.3d 276, 279 (Tex. 2016); *see also Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) ("[A]n appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others."). Just as a plaintiff must have standing to seek relief in the trial court, a party on appeal must have standing to challenge an order or judgment of the trial court. *Tex. Quarter*

---

[1] The underlying case is *In re: Friendswood Police Department*, Cause No. 19-CV-0814, in the 405th District Court of Galveston County, Texas, the Honorable Jared Robinson presiding.

*Horse Ass'n v. Am. Legion Dep't of Tex.*, 496 S.W.3d 175, 181 (Tex. App.—Austin 2016, no pet.) (citing *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015)).

The Rule 202 Petition was filed in the trial court by relator "as representative of Mindy Lee Comstock, Joseph Manley, and Bonnie Manley." However, the mandamus record does not include any evidence which establishes that relator had the authority to act in such representative capacity, and as such, relator lacked standing to bring the Rule 202 Petition. *See Timbertech Inc. v. Wallboards Inc.*, No. 14-98-00422-CV, 1999 WL 649116, at *3 (Tex. App.—Houston [14th Dist.] Aug. 26, 1999, pet. denied) (not designated for publication) ("Without the authority to sue in a representative capacity, [appellants] had no standing to sue at all.").

Further, the petition for writ of mandamus was brought solely by "Relator, Dolcefino Communications, LLC." The mandamus record fails to establish that relator is, itself, an "aggrieved party," giving it standing to seek relief, either from the trial court or from this Court. *See Torrington Co.*, 46 S.W.3d at 843; *Ghaffari v. Empire Petroleum Partners LLC*, No. 02-17-00164-CV, 2018 WL 1005237, at *3 (Tex. App.—Fort Worth Feb. 22, 2018, pet. denied) ("A party lacks standing when it is not personally aggrieved.") (citing *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–49 (Tex. 2005)).

Because relator lacks standing to obtain the relief sought, we dismiss relator's petition for writ of mandamus for lack of subject-matter jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Landau